UPON REHEARING EN BANC
McCullough, judge.
We consider in this appeal whether the appellant, Steve Whitt, failed to comply with the requirements of Rule 5A:12(c)(l) in his petition for appeal, and, if so, whether this failure requires us to dismiss his appeal. We conclude that this Court may entertain Whitt’s motion to amend his assignment of error. Therefore, the petition for appeal is properly before us. Turning to the merits of the appeal, we affirm Whitt’s convictions.
BACKGROUND
Appellant, who was a witness in a police investigation, telephoned the police and asked Investigator Mike Thompson to come over to appellant’s residence. Thompson went, accompanied by Investigator Eric Breeding. Appellant invited the investigators into his mobile home. Appellant sat on a couch. The two investigators sat on a couch across from him, separated by a coffee table. Appellant soon began acting in a hostile and erratic fashion. He told Investigator Breeding that Breeding was “aggravating him” so Breeding should sit down. App. at 19. Appellant became increasingly angry, loud, and aggressive. He did not display any indicia of intoxication, such as slurred speech, unsteadiness on his feet, or an odor of alcohol.
Gesturing toward Investigator Thompson, appellant said he was going to shoot Thompson. Appellant then gestured toward Investigator Breeding and said he was going to shoot him. Appellant indicated that he had a pistol under his cushion. Investigator Breeding could see part of an object *645 protruding from under the couch cushion. Appellant’s hand was dangling about three to four inches away from the object. Neither officer could see at that point what the object was. Appellant urged Breeding to put his hand on his gun. Appellant made a number of threats.
Appellant moved his hand away from this object for a brief time, perhaps to reach for a drink. Investigator Thompson took advantage of this opportunity to jump over the coffee table. After a brief struggle, the officers were able to subdue appellant. Appellant never made a gesture toward the partially concealed object before Investigator Thompson jumped over the coffee table. During the struggle, however, his arm was “at the back of the cushion.” Officer Thompson testified that appellant was “going for it.” App. at 131,133.
After appellant’s arrest, police recovered a knife, rather than a gun, under the cushion where appellant had been seated. The knife’s blade is approximately nine inches long. Police also recovered a pellet or BB rifle under a couch. No actual firearm was recovered.
At trial, appellant testified that he wanted the officers to kill him, but that he could not kill himself because it was against his Baptist religion to commit suicide. He explained that a number of personal tragedies, including the death of his stepmother, a tumor on his right lung, the death of a friend, and the struggles of his father all served as motives for the purported attempt at what is colloquially called a “suicide by cop.” After his arrest, however, appellant told a guard at the jail that he was not suicidal. In response to questions by the officers, he denied being suicidal.
Following a jury trial, appellant was convicted of two counts of attempted capital murder of a law enforcement officer, in violation of Code § 18.2-31. At trial, counsel for appellant moved to strike the evidence on the grounds that appellant lacked the specific intent to murder the officers and that he did not commit the overt act necessary to convict him of attempted capital murder.
*646 Whitt filed his petition for appeal with this Court, containing a single assignment of error: “The circuit court judge committed error by not dismissing the convictions against the appellant based upon insufficient evidence as a matter of law.” The Commonwealth moved to dismiss Whitt’s petition for appeal for failure to include an adequate assignment of error. Appellant argued that his assignment of error was adequate, but, in the alternative, he asked for leave of court to amend his petition for appeal to include the following, more specific, assignment of error: “The circuit court judge committed error by not dismissing the convictions against the appellant based upon insufficient evidence as a matter of law regarding the elements of intent and overt, but ineffectual action. Transcript of December 20, 2010, page 3-4.”
This Court granted Whitt’s petition and directed the parties to address the following additional question:
Is an assignment of error stating “[t]he circuit court judge committed error by not dismissing the convictions against the appellant based upon insufficient evidence as a matter of law,” an insufficient assignment of error under Rule 5A: 12(c)(1)(ii) and, if so, does this Court have active jurisdiction to consider the appeal in light of Davis v. Commonwealth, 282 Va. 389, 717 S.E.2d 796 (2011)?
A panel of this Court held that it was without active jurisdiction to consider Whitt’s appeal, and consequently dismissed it. The Court subsequently determined on its own motion to rehear the appeal en banc, pursuant to Code § 17.1-402(D).
ANALYSIS
I. This court may permit the amendment to an assignment OP ERROR IN LIMITED CIRCUMSTANCES.
Rule 5A:12(c)(l)(ii) specifically provides that an assignment of error “which merely states that the judgment or award is contrary to the law and the evidence is not sufficient.” A properly crafted assignment of error will “point out the specific errors claimed to have been committed by the *647 court below.” First Nat’l Bank of Richmond v. William R. Trigg Co., 106 Va. 327, 341, 56 S.E. 158, 163 (1907) (citation omitted). Such specificity “enable[s] the reviewing court and opposing counsel to see on what points plaintiffs counsel intends to ask a reversal of the judgment or decree, and to limit discussion to those points.” Id. Merely stating that the evidence was insufficient does not point out with the requisite level of specificity the error made by the court below, ie. in what way the evidence was insufficient. See Friedline v. Commonwealth, 265 Va. 273, 278-79, 576 S.E.2d 491, 494 (2003); P. Lorillard & Co. v. Clay, 127 Va. 734, 748, 104 S.E. 384, 388 (1920).
The broad wording of Whitt’s assignment of error does not comply with the requirement of specificity imposed by the Rule and by precedent. If this Court were to permit Whitt to amend his assignment of error, however, the assignment of error would comply with the Rule and with precedent.[1]
A. The authority to amend pleadings and the concept of active jurisdiction
1. Courts, including appellate courts, possess the authority derived from the common law to allow amendments to timely filed pleadings.
In Virginia, unless modified by rule of court or by statute, the common law “continuefs] in full force.” Code § 1-200. Although the evidence is mixed concerning the extent to which courts at common law had the power to permit the amendment of pleadings, it is beyond dispute that a court possessed the power to permit amendments to pleadings. For example, Professors Charles Alan Wright and Arthur R. Miller conclude that “[a]t common law a litigant had very little *648 freedom to amend the pleadings other than to correct formal defects and remedy errors of oversight.” Charles Alan Wright et al., Federal Practice and Procedure § 1471 (2010). On the other hand, no less of an authority than Chief Justice John Marshall, who had practiced extensively in Virginia’s trial and appellate courts before his elevation to the bench, took the view that courts possessed broad power to allow amendments: “[t]hat a court possesses the power to allow any amendments in the pleadings while a case is [ Jpending, is not to be questioned; and this power is liberally exercised, both in courts of equity and common law, for the furtherance of justice.” Calloway v. Dobson, 4 F.Cas. 1082, 1083 (C.C.D.Va.1807).[2] Appellant here seeks an amendment to correct a formal defect and to remedy an error of oversight. Therefore, regardless of the breadth of the authority granted to courts at common law to permit amendments, such an amendment would be permissible under the court’s common law power to allow the amendment of pleadings.
There is no reason to conclude that appellate courts possess less authority than trial courts with regard to allowing a litigant to correct defective pleadings. The Supreme Court expressly has stated that “[a] petition for a writ of error [now a petition for appeal] is in the nature of a pleading.” Worley v. Mathieson Alkali Works, 119 Va. 862, 863, 89 S.E. 880, 880 (1916) (emphasis in original). See also Nat’l Mechanics’ Bank v. Schmelz Nat’l Bank, 136 Va. 33, 38, 116 S.E. 380, 382 (1923) (same). The Court also has stated that “[a]n assignment of errors is in the nature of a pleading, and in the court of last resort it performs the same office as a declaration or complaint in a court of original jurisdiction.” First Nat’l Bank of Richmond, 106 Va. at 341, 56 S.E. at 163 (citation omitted).
*649 In fact, both this Court and the Supreme Court of Virginia routinely have permitted or ordered litigants to file amended briefs to correct a range of deficiencies, such as typographical errors or pages inadvertently omitted during the printing process. See, e.g., Rowe v. Commonwealth, 277 Va. 495, 500, 675 S.E.2d 161, 164 (2009) (noting that the Court of Appeals twice required appellant to file a new petition for appeal to conform to Rule 5A:20(c)). This practice is consistent with the understanding that appellate courts have the authority to permit a litigant to amend his petition for appeal.
In short, under the common law, courts, including appellate courts, can permit amendments to pleadings. The next step in the analysis is to determine whether any precedent, statutes, or rules of court have shackled the appellate courts in Virginia with regard to exercising this elementary and long-recognized power.
2. The active jurisdiction concept and an appellate court’s authority to address ancillary matters
According to Davis, a defective assignment of error deprives the court of “active jurisdiction.” Davis v. Commonwealth, 282 Va. 339, 339, 717 S.E.2d 796, 796-97 (2011) (per curiam). Davis does not hold that an appellate court in Virginia is powerless to do anything but dismiss the appeal. Therefore, it is worth examining what “active jurisdiction” means. The Supreme Court has explained that a court must possess both “potential” and “active jurisdiction” to adjudicate the merits of a case. See, e.g., Ghameshlouy v. Commonwealth, 279 Va. 379, 388-89, 689 S.E.2d 698, 703 (2010). “[PJotential jurisdiction” is “the power granted by the sovereignty creating the court to hear and determine controversies of a given character,” or, in other words, “jurisdiction over the subject-matter.” Farant Inv. Corp. v. Francis, 138 Va. 417, 427, 122 S.E. 141, 144 (1924) (quoting William Minor Lile, Lite’s Equity Pleading and Practice § 11 (1922)). See also Smith v. Commonwealth, 281 Va. 464, 467, 706 S.E.2d 889, 892 (2011) (subject matter jurisdiction is the potential jurisdiction of the court).
*650 “In order, however, that the court thus vested with potential jurisdiction may rightfully exercise the jurisdiction” (ie. have “active jurisdiction”), “in a particular case, certain conditions of fact must appear—these conditions varying with the character or purpose of the proceeding. These conditions of fact may be demanded either by the settled principles of the unwritten law, or by the mandate of the statute law.”
Farant Inv. Corp., 138 Va. at 427, 122 S.E. at 144 (quoting Lile, Lile’s Equity Pleading and Practice §§ 11,12) (emphasis added).
The Court further explained that
[tjhere are, indeed, four essential requisites to confer upon a court “active jurisdiction,” which may be thus classed, (1) potential jurisdiction, (2) territorial jurisdiction, (3) actual jurisdiction of the subject matter where the proceeding is in rem, and also of the proper parties where the proceeding is personal, and (4) the other conditions of fact must exist which are demanded by the unwritten or statute law as the pre-requisites of the authority of the court to proceed to judgment or decree.
Id. at 427-28,122 S.E. at 144 (emphasis added).
It is important to recognize that “active jurisdiction” as discussed in these cases means the authority of the court to adjudicate the merits of a case. These cases do not address the power of a court to resolve ancillary matters such as the ability of a court to address defects in pleadings or in service of process. Thus, in Morrison v. Bestler, 239 Va. 166, 387 S.E.2d 753 (1990), the Court, drawing from Professor Lile’s work and Farant Investment Corp., explained that
[w]hile these elements are necessary to enable a court to proceed to a valid judgment, there is a significant difference between subject matter jurisdiction and the other “jurisdictional” elements. Subject matter jurisdiction alone cannot be waived or conferred on the court by agreement of the parties. A defect in subject matter jurisdiction cannot be cured by reissuance of process, passage of time, or pleading *651 amendment. While a court always has jurisdiction to determine whether it has subject matter jurisdiction, a judgment on the merits made without subject matter jurisdiction is null and void. Likewise, any subsequent proceeding based on such a defective judgment is void or a nullity.
Id. at 169-70, 887 S.E.2d at 755 (citations omitted and emphasis added).[3] See also Smith, 281 Va. at 467, 706 S.E.2d at 892 (“The court acquires the ‘active’ jurisdiction to adjudicate a matter only when certain additional elements are present” beyond subject matter jurisdiction (emphasis added)); Ghameshlouy, 279 Va. at 388-89, 689 S.E.2d at 702-03 (the potential jurisdiction “becomes ‘active’ jurisdiction, the power to adjudicate a particular case upon the merits, only when various elements are present” (emphasis added)); Bd. of Supervisors of Fairfax Cnty. v. Bd. of Zoning Appeals, 271 Va. 336, 343, 626 S.E.2d 374, 378 (2006) (“In order for a court to have the power to adjudicate a particular case upon the merits, i.e., to have ‘active jurisdiction,’ ... several elements are needed.” (emphasis added)). What emerges from this line of cases is that to render a judgment on the merits, a court must possess both active and potential jurisdiction. A court may lack active jurisdiction and thus be foreclosed from resolving the merits of a case but nevertheless have the authority to adjudicate ancillary issues such as permitting an amendment to a pleading or adjudicating a dispute over whether all the necessary parties are properly before the court.
Wellmore Coal Corp. v. Harman Mining Corp., 264 Va. 279, 568 S.E.2d 671 (2002), does not compel a different outcome. In that case, the appellant filed a notice of appeal signed only by an attorney who was not licensed to practice in Virginia. A Virginia attorney signed and filed an amended notice of appeal several weeks later, beyond the 30-day time frame permitted *652 by Rule 5:9(a). Id. at 281-82, 568 S.E .2d at 672. In analyzing the issue of whether the notice of appeal was void, the Court noted that under Rule 1A:4, “a pleading or other paper required to be served ... shall be invalid unless it is signed by a member of the Virginia State Bar.” The Court reasoned that “invalid” means “not legally binding” and, therefore, the initial notice of appeal was of “no legal effect.” Id. at 283, 568 S.E.2d at 673. The Court concluded that, because the initial notice of appeal “was invalid, there was nothing to amend.” Id.
What Wellmore illustrates is that some defects are amenable to correction and some are not. A late notice of appeal or an untimely filed petition for appeal cannot be cured. See Super Fresh Food Mkts. of Va. v. Ruffin, 263 Va. 555, 563, 561 S.E.2d 734, 739 (2002) (dismissing appeal due to late filing of notice of appeal); Upshur v. Haynes Furniture Co., 228 Va. 595, 597, 324 S.E.2d 653, 654 (1985) (per curiam) (dismissing appeal based on an untimely petition for appeal). Not all defects in a timely filed notice of appeal, however, will foreclose appellate review. Ghameshlouy, 279 Va. at 391, 689 S.E .2d at 704. Wellmore addressed a specific defect that rendered the notice of appeal “invalid,” i.e., a nullity: the person who filed the notice of appeal was not authorized to file. In the case before us, the petition for appeal was filed by a member of the Virginia bar, and the petition itself is not a nullity. In contrast to Wellmore, no rule or statute declares a petition for appeal “invalid,” i.e. of no legal effect, because the assignment of error is insufficient. Instead, the Supreme Court of Virginia has analogized petitions for appeal and assignments of error to pleadings, Nat’l Mechanics’ Bank, 136 Va. at 38,116 S.E. at 382; First Nat’l Bank of Richmond, 106 Va. at 341, 56 S.E. at 163, and, as noted above, pleadings are amenable to correction through amendment.
Davis, 282 Va. at 339, 717 S.E.2d at 796-97, simply does not address the scope of a court’s power to permit an amendment to the assignment of error. There, the appellant appealed from a judgment of this Court but assigned error to *653 the action of the trial court. Rule 5:17(c)(l)(ii), however, provides that the Supreme Court will consider “only assignments of error relating to assignments of error presented in, and to actions taken by, the Court of Appeals.” The Court dismissed the appeal, reasoning that “the inclusion of sufficient assignments of error is a mandatory procedural requirement and that the failure to comply with this requirement deprives this Court of its active jurisdiction to consider the appeal.” Davis, 282 Va. at 339, 717 S.E.2d at 796. There is no indication in Davis that the appellant ever asked for leave to amend. Therefore, the Court in Davis had no occasion to address the question of whether a litigant may seek to amend a petition for appeal to correct a defective assignment of error. In this case, the appellant did seek to amend a petition that is properly before the Court, due to the timely filing of the notice of appeal and of the petition itself. Nothing in the per curiam decision in Davis forecloses this Court from considering and granting or denying appellant’s request.
3. Statute and Rules governing petitions for appeal and assignments of error
Code § 17.1-408 provides in relevant part that
The petition for appeal in a criminal case shall be filed not more than forty days after the filing of the record with the Court of Appeals. However, a thirty-day extension may be granted in the discretion of the court in order to attain the ends of justice. When an appeal from an interlocutory decree or order is permitted in a criminal case, the petition for appeal shall be presented within the forty-day time limitation provided in this section.
(Emphasis added).
Similarly, Rule 5A: 12(a) provides that
[w]hen an appeal to the Court of Appeals does not lie as a matter of right, a petition for appeal must be filed with the Clerk of this Court not more than 40 days after the filing of the record with the Court of Appeals. An extension of 30 days may be granted on motion in the discretion of this *654 Court upon a showing of good cause sufficient to excuse the delay.
(Emphasis added).
Appellant here satisfied these requirements: he filed a petition for appeal within the time constraints imposed by the statute and the Rule. Neither Code § 17.1-408 nor Rule 5A:12(a) specifies that the petition for appeal must be free of all defects. Once a timely petition for appeal has been filed, and that petition contains one or more assignments of error, the Court may entertain a motion to amend an assignment of error.[4] Nothing in this statute or this Rule prohibits a court from considering, and where appropriate, granting, a motion to correct a defect in an assignment of error.
Rule 5A:12(c)(l) governs assignments of error to this Court. It provides in pertinent part that
Under a heading entitled “Assignments of Error,” the petition shall list, clearly and concisely and without extraneous argument, the specific errors in the rulings below upon which the party intends to rely. An exact reference to the pages of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court or other tribunal from which the appeal is taken shall be included with each assignment of error.
(i) Effect of Failure to Assign Error. Only assignments of error assigned in the petition for appeal will be noticed by this Court. If the petition for appeal does not contain assignments of error, it shall be dismissed.
(ii) Insufficient Assignments of Error. An assignment of error which does not address the findings or rulings in the trial court or other tribunal from which an appeal is taken, *655 or which merely states that the judgment or award is contrary to the law and the evidence is not sufficient. If the assignments of error are insufficient or otherwise fail to comply with the requirements of this Rule, the petition for appeal shall be dismissed.
The plain language of this Rule is clear: an insufficient assignment of error compels dismissal of the appeal. Once again, nothing in the language of this Rule, however, precludes a litigant from seeking to amend a defective assignment of error so as to obviate the need for dismissal. As noted above, courts have the authority to allow amendments to pleadings. The text of this Rule does not in any way alter this fundamental power of a court. This is not surprising. The appellate rules do not purport to comprehensively delineate the common law power of courts with regard to pleadings and other matters.
Reading Rule 5A:12 to mandate dismissal would create a striking anomaly in the treatment of petitions for appeal in criminal cases and the way the Court treats cases arising in the other areas of the Court’s subject matter jurisdiction. Rule 5A:12 governs petitions for appeal. Under Code § 17.1-406, petitions for appeal in this Court are limited to criminal cases. There is no palpable reason why a petition for appeal in a criminal case must be dismissed when the assignment of error is insufficient or in some other way fails to comply with the Rule, but briefs filed in domestic relations, workers’ compensation, and administrative appeals pursuant to Code § 17.1^405, which are governed by Rule 5A:20, would not face mandatory dismissal for the very same defect. Rule 5A:20 does not compel dismissal for flaws in the assignment of error contained in an opening brief (as opposed to in a petition for appeal), and Rule 5A:26 provides that this Court “may dismiss the appeal” whenever the “appellant fails to file a brief in compliance with these Rules,” but it does not mandate dismissal. Permitting an amendment in some circumstances allows for consistent treatment of appeals across the spectrum of this Court’s jurisprudence.
*656 B. Additional Considerations
Our conclusion—that an appellate court may entertain a motion to amend an assignment of error once a timely notice of appeal and petition for appeal have been filed—is bolstered by the fact that an appellate court can raise issues sua sponte and direct briefing on those issues, see, e.g. Porter v. Commonwealth, 276 Va. 203, 225, 661 S.E.2d 415, 425 (2008); Richmond Newspapers, Inc. v. Lipscomb, 234 Va. 277, 287, 362 S.E.2d 32, 37 (1987). If Virginia courts possess the greater power to compel the parties to address issues not raised by the parties, then surely Virginia’s appellate courts possess the lesser power to allow the parties to amend the wording of an assignment of error that the appellant has raised to make it more precise, thereby bringing it into conformity with the rules of court.
Moreover, the Supreme Court has accepted amendments to the language of an assignment of error made without leave of court. The Court has held that a litigant may reword an assignment of error so long as the change to the assignment of error “does not change the substance of the error alleged.” Allstate Ins. Co. v. Gauthier, 273 Va. 416, 418 n. *, 641 S.E.2d 101, 103 n. * (2007). See also Dowdy v. Commonwealth, 278 Va. 577, 590 n. 14, 686 S.E.2d 710, 717 n. 14 (2009); Hudson v. Pillow, 261 Va. 296, 301-02, 541 S.E.2d 556, 560 (2001) (holding that the Court could review a modified assignment of error because the modification did not allow the appellant to argue “a different question on appeal or an issue not presented to the [trial court]”).[5] If a litigant unilaterally can reword an assignment of error—so long as the change does not present “a different question on appeal or an issue not presented to the [trial court]”—then a fortiori this Court may grant leave to a litigant to do the same thing.
*657 C. Amendment vs. Dismissal
The available remedies that follow dismissal of the appeal are far more protracted and cumbersome than the simple expedient of permitting an amendment. Code § 19.2-321.1 permits a litigant in a criminal case to file a motion to reinstate an appeal that has been dismissed. That statute, however, is no panacea. The available evidence suggests that the vast majority of dismissed appeals are not reinstated. In 2011, this Court dismissed 180 appeals but reinstated only 44 appeals for criminal cases under Code § 19.2-321.1.[6] A similar story holds true for 2012. The Court dismissed 157 appeals but granted only 50 delayed appeals under Code § 19.2-321.1.[7] Even assuming some of these dismissed appeals are reinstated via habeas corpus petitions, it is fair to say that dismissal constitutes the end of the line for most appeals.[8]
In addition, the procedure under Code § 19.2-321.1 is cumbersome and inefficient. If this Court were to grant the requested amendment, the appeal immediately would proceed to adjudication on the merits. If we were to dismiss the appeal, (1) the Court must prepare an order to dismiss, (2) appellant must prepare and file a pleading to seek its reinstatement, (3) the Court must adjudicate the petition and enter an order granting a delayed appeal, and (4) only then, months later, must appellant file a new petition for appeal *658 with a proper assignment of error—all of which puts him in the exact same place he would have occupied months before had the amendment been allowed.
“The mission of Virginia’s judicial system is to assure that disputes are resolved justly, promptly, and economically.” [9] Similarly, the Rules promulgated by the Supreme Court are supposed to be “designed to achieve the just, speedy, and inexpensive disposition of all litigation in [the Court of Appeals of Virginia] consistent with the ends of justice.” Code § 17.1-403. Dismissing an appeal for an easily corrected defect and then reinstating it after a separate proceeding is the antithesis of these stated goals. It would be far more just, prompt, and economical to permit an appropriate amendment to the petition for appeal while the appeal is still pending.[10]
We certainly do not condone violations of the rules of court. The fact that a brief is not in compliance with a rule, however, does not answer the question of whether a litigant should be permitted to remedy the violation. Dismissal is a harsh sanction, particularly when other remedies are available. Courts facing defects in a petition for appeal can (1) compel the attorney to take the time and expense to file a corrected petition, (2) if the errors are sufficiently egregious, and if they are repeated, hold the attorney in contempt, (3) refer the matter to the bar for disciplinary action, or (4) dismiss the appeal. The common thread in sanctions (1) through (3) is that the sanction falls on the attorney who failed to follow the rules. The problem with option (4), dismissing the appeal, is *659 that the blow falls hardest on the client, who ordinarily bears no responsibility for the attorney’s failure to follow the rules of court.
D. Application of those principles to the facts of this case
The fact that an appellate court possesses discretion to allow a litigant to amend a defective assignment of error does not signal boundless discretion. As the Supreme Court has indicated, litigants may not reword assignments of error when doing so would enlarge the scope of the issue initially presented or allow a litigant to smuggle in additional issues. Hamilton Dev. Co. v. Broad Rock Club, Inc., 248 Va. 40, 44, 445 S.E.2d 140, 148 (1994). A court on appeal, however, ordinarily should, upon a motion, permit a litigant to correct formal defects and remedy errors of oversight in the assignment of error, particularly when the requested amendment renders the revised assignment of error more precise and is consistent with arguments advanced at trial.[11]
In sum, we conclude, consistent with the Supreme Court’s characterization of petitions for appeal and assignments of error as pleadings, and with longstanding common law authority allowing courts to permit the amendment of pleadings, that appellant may amend his assignment of error. The request for an amendment at issue was made after appellant filed a timely notice of appeal and a timely petition for appeal. The requested amendment is consistent with arguments presented at trial and does not constitute a broadening of the scope of the original assignment of error. The Commonwealth does not articulate any prejudice that would follow from such an amendment. Therefore, we exercise our discretion to grant the motion to amend the petition for appeal and, in turn, we address the merits of the appeal.
*660 II. The EVIDENCE IS SUFFICIENT TO SHOW WHITT’S INTENT TO MURDER THE POLICE OFFICERS.
Whitt’s amended assignment of error is as follows: “The circuit court judge committed error by not dismissing the convictions against the appellant based upon insufficient evidence as a matter of law regarding the elements of intent and overt, but ineffectual action.”
An attempt in criminal law is an apparent unfinished crime, and hence is compounded of two elements, viz: (1) the intent to commit a crime; and (2) a direct act done towards its commission, but falling short of the execution of the ultimate design. It need not, therefore, be the last proximate act to the consummation of the crime in contemplation, but is sufficient if it be an act apparently adopted to produce the result intended. It must be something more than mere preparation.
Glover v. Commonwealth, 86 Va. 382, 385-86, 10 S.E. 420, 421 (1889).
“Intent is the purpose formed in a person’s mind which may, and often must, be inferred from the facts and circumstances in a particular case.... Intent may be shown by a person’s conduct and by his statements.” Long v. Commonwealth, 8 Va.App. 194, 198, 379 S.E.2d 473, 476 (1989) (citation omitted). As is often the case, the standard of review controls the outcome.
This Court must examine the evidence that supports the conviction and allow the conviction to stand unless it is plainly wrong or without evidence to support it. We review the evidence in the light most favorable to the Commonwealth, the prevailing party in the trial court and accord the Commonwealth the benefit of all reasonable inferences deducible from the evidence. After so viewing the evidence, the question is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. In sum, if there is evidence to support the conviction, the reviewing court is not permitted to substitute its judgment, even if its view of the evidence might differ *661 from the conclusions reached by the finder of fact at the trial.
Commonwealth v. McNeal, 282 Va. 16, 20, 710 S.E.2d 733, 735 (2011) (citations and internal punctuation omitted).
Appellant lured two police officers into his home. Once inside, appellant took a seat where he had ready access to a large, pre-positioned knife. He expressly and repeatedly stated that he wanted to kill the police officers. His hostile demeanor was consistent with his stated intent. During the struggle to subdue him, appellant’s hand was near the knife, as if he were “going for it.” A reasonable fact finder certainly could deduce an intent to kill from appellant’s statements and actions.
It is true that appellant claimed that this was all an act designed to provoke the police officers into shooting him. This evidence was contradicted, however, when, following his arrest, he denied that he was suicidal and, upon questioning by the officers, refused to acknowledge to the officers that he was trying to prod them into shooting him. “The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented.” Sandoval v. Commonwealth, 20 Va.App. 133, 138, 455 S.E.2d 730, 732 (1995). “In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt.” Marable v. Commonwealth, 27 Va.App. 505, 509-10, 500 S.E.2d 233, 235 (1998).
We next turn to the issue of whether appellant performed the “overt act” necessary for a conviction for attempted capital murder. We acknowledge here the apt observation of our Supreme Court, that “[w]hen the intent or design to commit a crime exists, what act or acts done in furtherance of the design will constitute an attempt, is one of the most intricate propositions of the criminal law with which courts have to deal.” Lee v. Commonwealth, 144 Va. 594, 600, 131 S.E. 212, 214 (1926). Here, certainly, appellant’s acts went *662 beyond “mere preparation.” He lured police officers to his home, invited them inside, pre-positioned a deadly weapon, and proceeded to threaten their lives. True, he did not brandish the knife or lunge at the officers. During the struggle, however, Investigator Breeding saw appellant’s hand in the area where the knife was located and Breeding believed appellant was “going for it.” We are unwilling to require that a defendant, while in close quarters with the potential victims, actually brandish a deadly weapon as a prerequisite to an attempt conviction, particularly where appellant’s stated intention to kill the officers was frustrated by an “extraneous circumstance,” namely, the fact that the officers succeeded in subduing him. See Sizemore v. Commonwealth, 218 Va. 980, 984, 248 S.E.2d 212, 214 (1978).
We are admonished that
[wjhenever the design of a person to commit a crime is clearly shown, slight acts done in furtherance of this design will constitute an attempt, and this court will not destroy the practical and common sense administration of the law with subtleties as to what constitutes preparation, and what an act done toward the commission of a crime. Too many subtle distinctions have been drawn along these lines for practical purposes. Too many loopholes have been made whereby parties are enabled to escape punishment for that which is known to be criminal in its worst sense.
Id. at 985, 243 S.E.2d at 215. Mindful of this admonition, we hold that the conclusion of the jury was not without evidence to sustain it and that the actions of appellant were sufficient to constitute an overt act.
CONCLUSION
We affirm the judgment of the trial court.

Affirmed.

. It is worth stressing the fact that, although there is disagreement on the Court concerning the power of an appellate court to permit an amendment to an assignment of error after a timely petition for appeal has been filed, there is no disagreement among the members of the Court with regard to the specificity needed in an assignment of error to challenge the sufficiency of the evidence.

. These two views may not be that far apart. Judges at common law evidently possessed the discretion to permit amendments, but often were reluctant to exercise it save for the correction of formal defects. See Alison Reppy, Aider, Amendment and the Statutes of Jeofails—At Common Law, Under Modem Codes, Practice Acts and Rules of Civil Procedure, 6 Am. U.L.Rev. 65, 68-69 (1957).

. We note that, should an appellate court in Virginia erroneously proceed to judgment based on an assignment of error that was defective because it was insufficiently specific, the judgment of the appellate court would not be rendered void ab initio. See Bd. of Supervisors of Fairfax Cnty. v. Bd. of Zoning Appeals, 271 Va. 336, 342-48, 626 S.E.2d 374, 378-81 (2006).

. Just as the longstanding “relation back” doctrine limits the scope of permissible amendments to a pleading when the amendments are sought after the statute of limitations has expired, see Vines v. Branch, 244 Va. 185, 188-90, 418 S.E.2d 890, 892-94 (1992), any amendment to the assignment of error would have to relate back to the original assignment of error if the amendment is sought after the deadline for filing the brief has passed.

. In contrast, if an appellant seeks to reword an assignment of error to raise an issue not pressed at trial, "such skewing of the language of the original assignment is not allowed." Hamilton Dev. Co. v. Broad Rock Club, Inc., 248 Va. 40, 44, 445 S.E.2d 140, 143 (1994).

. An appellate court can take judicial notice of its own records. Plummer v. Commonwealth, 211 Va. 706, 707, 180 S.E.2d 519, 520 (1971) (per curiam).

. A defendant in a criminal case at least has the option of seeking relief under Code § 19.2-321.1 or through a petition for a writ of habeas corpus. It does not appear, however, that the Commonwealth has such an avenue for relief when a petition for appeal filed by the Commonwealth has been dismissed. Therefore, permitting in narrow circumstances for a petition for appeal to be amended is not only in the interest of the accused, it is also in the interest of the Commonwealth.

. For non-criminal appeals that are dismissed, neither petitions for habeas corpus nor Code § 19.2-321.1 are available to reinstate the appeal. Therefore, if corrective amendments were not permitted, the only avenue for relief for dismissed civil appeals are malpractice actions—actions that are arduous for the litigant and counsel alike.

. See http://www.courts.state.va.us/courts/scv/scvinfo.pdf (quotation taken from a pamphlet posted on the Supreme Court’s website).

. The impact on appellate practice of expressly recognizing the power to allow certain amendments to assignments of error will be minimal. First, the overwhelming majority of petitions for appeal will contain proper assignments of error. Second, a litigant must request leave to file an amended petition for appeal and must supply the Court with sufficient grounds for allowing such an amendment. Third, these will not be complex motions. It will ordinarily be readily apparent to the Court whether such an amendment should be permitted on the discrete grounds asserted in the motion.

. For example, there is no reason why a petition for appeal that used an incorrect heading such as "questions presented” or "statement of the issues,” rather than the heading "assignments of error” that is required by Rule 5A: 12(c)(1) could not be corrected via an amendment.