COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, Alston and Huff
Argued at Chesapeake, Virginia


KEVIN STEVEN BUKOWSKI

v.      Record No. 1107-12-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE RANDOLPH A. BEALES
JULY 9, 2013


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
H. Vincent Conway, Jr., Judge

Charles E. Haden for appellant.

Elizabeth C. Kiernan, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Kevin Steven Bukowski (appellant) was convicted of two charges of abduction in violation

of Code § 18.2-47, use or display of a firearm in the commission of a felony in violation of Code

§ 18.2-53.1, and two misdemeanor charges of pointing or brandishing a firearm in violation of

Code § 18.2-282. Appellant argues on appeal that the evidence was insufficient to prove he

committed these crimes.

On September 3, 2009, appellant (who testified at trial that he owns a private security firm)

pulled his truck into a shopping plaza to pick up food from a Chinese restaurant. His partner, Jason

Sprayberry (appellant's codefendant at trial), was in the truck with appellant when they pulled in

behind Tanekia Bassett's vehicle, in which Bassett, her passenger, Dawanaca Brown, and Brown's

two young children were sitting. Appellant's vehicle was perpendicular to Bassett's and it blocked

Bassett's vehicle from exiting the parking spot. Appellant waited in his vehicle while Sprayberry

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

went inside the restaurant to pick up food. Brown waited in the vehicle while Bassett picked up crabs at the nearby seafood store. When Bassett returned to her vehicle and prepared to pull out of her parking spot, appellant and Bassett got into a heated argument about the fact that appellant's vehicle was blocking her vehicle and preventing her from pulling out of her parking spot. When appellant did not move his vehicle, Bassett began to pull out of her parking spot and threw a Gatorade bottle in the direction of appellant's truck – with it landing either on the ground in front of appellant's truck or on the truck's grille. After Bassett threw the Gatorade bottle and succeeded in maneuvering her vehicle out of her parking spot, she attempted to exit the shopping center, but appellant cornered her so that she could not turn out of the shopping center onto Warwick Boulevard. At that point, appellant and Sprayberry got out of the truck, approached Bassett's stopped vehicle, and drew their firearms, pointing them directly at Bassett and Brown.

At a bench trial in the Circuit Court of the City of Newport News, the trial court found "no justification" for appellant's actions in "stopping the vehicle and drawing [his] weapon[]." Accordingly, the trial court convicted appellant of abduction of Bassett and Brown, use or display of a firearm in the commission of a felony, and pointing or brandishing a firearm. For the following reasons, we find that we must dismiss this appeal.

Rule 5A:12(c)(1)(i) states, "Only assignments of error *assigned in the petition for appeal* will be noticed by this Court." (Emphasis added). Under settled principles, "[i]t is impermissible for an appellant to change the wording of an assignment of error." White v. Commonwealth, 267 Va. 96, 102-03, 591 S.E.2d 662, 665-66 (2004). Here, appellant submitted the following assignment of error in his petition for appeal to this Court: "The trial court erred in concluding the evidence was sufficient to convict Bukowski of abduction, brandishing a firearm, and use of a firearm in the commission of a felony." An appeal was granted to appellant based on this specific assignment of error, as phrased in his petition for appeal. See Rule 5A:12(c)(1)(i).

However, in his opening brief filed in this Court, appellant submitted the following *amended* assignment of error:

> The trial court erred in concluding the evidence was sufficient to convict Bukowski of abduction, brandishing a firearm, and use of a firearm in the commission of a felony, *because Bukowski, a special conservator of the peace, was lawfully effecting an arrest for a felony committed within his presence and was not subject to any territorial restrictions on his arrest powers within the City of Newport News.*

(Emphasis added). Appellant submitted this amended assignment of error in his opening brief without actually seeking – much less receiving – leave from this Court.[1]

Thus, appellant not only changed the wording of his assignment of error, but he made significant and substantive changes to his assignment of error without any authorization from this Court. The Rules of Court make clear that it is improper to alter an assignment of error in this manner in an opening brief. See Rule 5A:12(c)(1)(i); see also Dowdy v. Commonwealth, 278 Va. 577, 590 n.14, 686 S.E.2d 710, 717 n.14 (2009). Otherwise, appellants could later change or add to any assignments of error that have been granted by the Court. Accordingly, this Court will only consider the assignment of error as it is phrased in appellant's petition for appeal. See Rule 5A:12(c)(1)(i).

In reviewing and assessing that assignment of error, this Court finds that it cannot reach the merits of this appeal because appellant's assignment of error in his petition for appeal – which is the only assignment of error that can be noticed and reviewed by this Court – is insufficient under Rule 5A:12(c)(1)(ii). "An assignment of error which does not address the findings or rulings in the trial court or other tribunal from which an appeal is taken, or *which merely states that the judgment or*

---

[1] "[A]ppellate courts [] possess the authority derived from the common law to allow amendments to timely filed pleadings." Whitt v. Commonwealth, 61 Va. App. 637, 647, 739 S.E.2d 254, 259 (2013) (*en banc*). Requests for such amendments must be in the form of a written motion. Rules 1:8; 5A:2. In the instant case, no written motion was made seeking leave to amend the assignment of error.

*award is contrary to the law and the evidence* is not sufficient." Rule 5A:12(c)(1)(ii) (emphasis added). This has been the language of this Rule of Court since it was revised and became effective on July 1, 2010 – more than two years before appellant's petition for appeal was filed in this Court.

This Court recently further interpreted the requirements for a sufficient assignment of error in Whitt v. Commonwealth, 61 Va. App. 637, 739 S.E.2d 254 (2013) (*en banc*). There, this Court, sitting *en banc*, expressly reaffirmed the principle that "[m]erely stating that the evidence was insufficient does not point out with the requisite level of specificity the error made by the court below, i.e. *in what way* the evidence was insufficient."[2] Id. at 647, 739 S.E.2d at 259 (emphasis added). Appellant's assignment of error in his petition for appeal, which only broadly contends that the trial court "erred in concluding the evidence was sufficient to convict" appellant of his offenses, suffers from the same deficiency this Court addressed in our decision in Whitt.

This Court also explained in Whitt that "a defective assignment of error deprives the [appellate] court of 'active jurisdiction.'" Id. at 649, 739 S.E.2d at 260 (quoting Davis v. Commonwealth, 282 Va. 339, 339, 717 S.E.2d 796, 796-97 (2011) (*per curiam*)). "The plain language of [Rule 5A:12(c)(1)] is clear: an insufficient assignment of error compels dismissal of the appeal." Whitt, 61 Va. App. at 655, 739 S.E.2d at 263. Although this Court held in Whitt that a litigant is not precluded from "seeking to amend a defective assignment of error so as to

---

[2] In requiring that an assignment of error must "point out with the requisite level of specificity the error made by the court below," this Court certainly was not creating any new requirement in Whitt. See, e.g., Carroll v. Commonwealth, 280 Va. 641, 649, 701 S.E.2d 414, 418 (2010) (requiring a litigant to phrase an assignment of error with enough specificity to "lay his finger on the error" that the litigant claims was committed by the trial court); Yeatts v. Murray, 249 Va. 285, 290, 455 S.E.2d 18, 21 (1995) (explaining that "[l]itigants are required to identify with some degree of specificity the error committed by the trial court, and we have adhered to this mandatory rule with good reason"); Harlow v. Commonwealth, 195 Va. 269, 271-72, 77 S.E.2d 851, 853 (1953).

obviate the need for dismissal," appellant never sought leave of court to amend his deficient

assignment of error in this case.  Id.  Accordingly, we must dismiss this appeal.[3]

Dismissed.

---

[3] We recognize that appellant has the right to move this Court for leave to pursue a delayed appeal, pursuant to Code § 19.2-321.1.