UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, Lorish and Senior Judge Petty

VERONICA HARDY EVERETTE AND
 LORITHA MAYE HAYES, ADMINISTRATORS
 OF THE ESTATE OF PANTHIEL HAYES
 THOMPSON, DECEASED

                MEMORANDUM OPINION[*]
v.   Record No. 1510-22-2        PER CURIAM
                   MAY 2, 2023

COMMUNITY MEMORIAL HOSPITAL, ALSO KNOWN AS
 VCU COMMUNITY MEMORIAL HOSPITAL,
 THE HUNDLEY CENTER DIVISION AND
 COMMUNITY MEMORIAL HOSPITAL FOUNDATION

FROM THE CIRCUIT COURT OF MECKLENBURG COUNTY
S. Anderson Nelson, Judge

(Robert J. Haddad; Andrew M. Hendrick; Shelley Swain Berry;
Ruloff, Swain, Haddad, Morecock, Talbert & Woodward, P.C., on
briefs), for appellants.

(Mark S. Brennan, Sr.; Ashley G. Moss; Woods Rogers Vandeventer
Black PLC, on brief), for appellees.


Veronica Hardy Everette and Loritha Maye Hayes, as administrators of the estate of

Panthiel Hayes Thompson (the administrators), appeal an order entered by the Mecklenburg County

Circuit Court on September 7, 2022, granting Community Memorial Hospital and Community

Memorial Hospital Foundation's motion to quash and dismiss the administrators' complaint for

defective service.[1]  After examining the briefs and record in this case, the panel unanimously holds

that oral argument is unnecessary because "the appeal is wholly without merit."  Code

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413.

[1] Community Memorial Hospital and Community Memorial Hospital Foundation are
referred to jointly hereinafter as "hospital," unless otherwise noted.

§ 17.1-403(ii)(a); Rule 5A:27(a).  For the reasons stated below, we affirm the circuit court's judgment.

BACKGROUND

The administrators filed a complaint against the hospital on December 18, 2019, alleging that Thompson was injured and ultimately died due to the negligence of hospital employees while she was being treated "for an acute left ankle injury after a fall at home."  On December 7, 2020, the administrators sent a letter to the Clerk of the Mecklenburg County Circuit Court requesting that she serve the complaint on Community Memorial Hospital.  The clerk's office received the letter on December 17, 2020, and issued service the same day.  Service was made on Community Memorial Hospital on January 4, 2021.

The hospital then moved to quash the service and dismiss the case.  In its motion and brief in support of the same, the hospital argued that the administrators had failed to serve it with process within 12 months of filing the complaint, as required by Code § 8.01-275.1 and Rule 3:5(e).  The hospital further argued that the administrators failed to serve it with process "timely or not" because the complaint allegedly had not been accompanied by a summons when it was served on Community Memorial Hospital, and Community Memorial Hospital Foundation was never served at all.  Finally, the hospital noted that the 12-month period during which the administrators were required to serve the hospital with the complaint overlapped with a period of judicial emergency declared by the Supreme Court of Virginia relating to the COVID-19 pandemic.  *See, e.g.*, *In re: Order Declaring a Judicial Emergency in Response to COVID-19 Emergency* (Va. Mar. 16, 2020); *English v. Quinn*, 76 Va. App. 80, 92 (2022) (holding that "[t]he Supreme Court's emergency orders tolled all statutes of limitations from March 16, 2020, through July 19, 2020").  The hospital acknowledged that the Supreme Court of Virginia entered a series of emergency orders in 2020 tolling certain litigation-related deadlines, but the hospital argued that the emergency orders did not

- 2 -

toll the administrators' deadline to serve the complaint in this case because the deadline did not expire during the tolling period.

In response to the hospital's motion, the administrators admitted that service had been made outside the 12-month deadline, but argued that the circuit court should find that the administrators had "exercised due diligence" in attempting to serve the hospital, meriting an exception to the timeliness requirement of Code § 8.01-275.1 and Rule 3:5(e). The administrators did not mention the issue of tolling or the impact of the judicial emergency period in their brief.

The circuit court held a hearing on September 7, 2022, and heard arguments from the parties on the hospital's motion. The record does not include a transcript of the hearing, and the administrators have not filed a written statement of facts in lieu of a transcript summarizing the proceedings. The circuit court entered a final order the same day dismissing the administrators' complaint with prejudice.

## ANALYSIS

The administrators argue that the circuit court erred by (1) failing to find that the judicial emergency orders that the Supreme Court of Virginia issued in 2020 relating to the COVID-19 pandemic tolled the deadline to serve the complaint in this case, and (2) failing to find that the administrators exercised due diligence meriting an exception to the deadline under Code § 8.01-275.1 and Rule 3:5(e). With respect to the first issue, the administrators' assignment of error is "inadequate to encompass the argument." *Chesapeake Hosp. Auth. v. Commonwealth, Dep't of Tax'n*, 262 Va. 551, 556 n.2 (2001). In their brief to this Court, the administrators present a single assignment of error: "The trial court erred by granting the Defendants' Motion to Quash and dismissing the case under Va. Code § 8.01-275.1 and Rule 3:5(e)." This assignment

of error does not sufficiently raise the administrators' argument relating to the tolling effect of the Supreme Court of Virginia's 2020 judicial emergency orders.[2]

"The purpose of assignments of error is to 'point out the errors with reasonable certainty in order to direct this court and opposing counsel to the points on which appellant intends to ask a reversal of the judgment, and to limit discussion to these points.'" *Delaune v. Commonwealth*, 76 Va. App. 372, 380 (2023) (quoting *Chesapeake Hosp. Auth.*, 262 Va. at 556 n.2). "An assignment of error[] is in the nature of a pleading, and in the court of last resort it performs the same office as a declaration or complaint in a court of original jurisdiction." *Lambert v. Commonwealth*, 70 Va. App. 740, 752 n.2 (2019) (quoting *Whitt v. Commonwealth*, 61 Va. App. 637, 648 (2013)). An appellant has a duty to "lay his finger on the error" he intends to raise with the Court. *Carroll v. Commonwealth*, 280 Va. 641, 649 (2010) (quoting *First Nat'l Bank of Richmond v. William R. Trigg Co.*, 106 Va. 327, 342 (1907)).

The administrators' assignment of error fails to meet these requirements with respect to their tolling argument. "No one reading the [the administrators'] . . . assignment of error could possibly know to respond to an argument related" to whether the Supreme Court of Virginia's 2020 judicial emergency orders arising from the COVID-19 pandemic tolled the litigation deadlines in this case. *Chesapeake Hosp. Auth.*, 262 Va. at 556 n.2. The assignment of error does not mention the emergency orders, nor the issue of tolling. The administrators failed to identify this issue with "reasonable certainty." *Delaune*, 76 Va. App. at 380 (quoting *Chesapeake Hosp. Auth.*, 262 Va. at 556 n.2). Because the administrators have not assigned error

---

[2] The administrators' entire argument is premised on the tolling provisions of the Supreme Court's emergency orders and this Court's recent decision in *English* interpreting those orders.

to the circuit court's ruling relating to tolling, the administrators "have thus waived this issue."

*Tingler v. Graystone Homes, Inc.*, 298 Va. 63, 101 (2019).[3]

The administrators also challenge the circuit court's finding that they failed to exercise due diligence meriting an exception to the 12-month deadline to serve the complaint under Code § 8.01-275.1 and Rule 3:5(e). By failing to file a transcript or written statement of facts in lieu of a transcript for the September 7, 2022 hearing, the administrators have waived this argument. "On appeal, we presume the judgment of the trial court is correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the trial court has erred." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012). "We may act only upon facts contained in the record." *Smith v. Commonwealth*, 16 Va. App. 630, 635 (1993). Without a sufficient record, "we will not consider the point." *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)).

This Court will not disturb the circuit court's factual determinations unless "they are 'plainly wrong or without evidence to support [them].'" *Grayson v. Westwood Buildings L.P.*, 300 Va. 25, 58 (2021) (alteration in original) (quoting Code § 8.01-680). Without a transcript, we do not know what evidence or argument was presented to the circuit court at the hearing relating to whether the administrators exercised due diligence in attempting to serve the complaint. We conclude that a transcript, or a written statement of facts in lieu of a transcript, from the September 7, 2022 hearing is indispensable to deciding the administrators' assignment of error. *See Bay*, 60 Va. App. at 528-29; *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009);

---

[3] The final order recites that the dismissal was based "upon consideration of the arguments of counsel, both orally and in their briefs." The administrators' trial brief does not mention the Supreme Court's tolling orders and, as noted below, there is no transcript or written statement of facts in the record setting out the oral arguments of counsel. Therefore, we do not know whether the circuit court ever ruled on the argument presented in the administrators' opening brief.

*Anderson v. Commonwealth*, 13 Va. App. 506, 508-09 (1992); *Turner v. Commonwealth*, 2 Va. App. 96, 99-100 (1986).  Accordingly, the administrators' argument is waived.  Rule 5A:8(b)(4)(ii) ("When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered.").

## CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*