COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Frank and Petty
Argued at Salem, Virginia

CURTIS TRUMAINE CALLOWAY

                                              OPINION BY
v.       Record No. 0387-12-3        JUDGE WILLIAM G. PETTY
                                         AUGUST 6, 2013

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Charles J. Strauss, Judge

James C. Martin (Martin & Martin Law Firm, on briefs), for
appellant.

Katherine Quinlan Adelfio, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.

Curtis T. Calloway was convicted of abduction, assault and battery, and felonious

violation of a protective order.  This appeal concerns only the violation of the protective order.

On appeal, Calloway argues that the trial court erred by convicting him of a felony, rather than a

misdemeanor, because the evidence was insufficient to show he "furtively entered" the victim's

home.  For the following reasons, we disagree and affirm Calloway's conviction.

I.

A.  Preliminary Matter:  Rule 5A:12

The Commonwealth raises a threshold issue that we must address before reaching the

merits of this appeal.[1]  The Commonwealth argues that Calloway's assignment of error in his

---

[1] "[T]he inclusion of sufficient assignments of error is a mandatory procedural requirement and . . . failure to comply with this requirement deprives this Court of its active jurisdiction to consider the appeal."  Davis v. Commonwealth, 282 Va. 339, 339, 717 S.E.2d 796, 796-97 (2011).  Thus, it is necessary for us to determine whether we have active jurisdiction before we can consider the merits of the appeal.

petition for appeal is insufficient under Rule 5A:12(c)(1), and therefore we should vacate the order granting the petition and dismiss the appeal. We decline to do so.

This Court granted Calloway's petition for appeal on the following assignment of error: "The trial court erred in law and fact by ruling that the evidence was sufficient to convict Calloway of felonious violation of a protective order." We have recently held that an assignment of error such as this does not comply with Rule 5A:12. See Whitt v. Commonwealth, 61 Va. App. 637, 647, 739 S.E.2d 254, 259 (2013) (en banc) ("Merely stating that the evidence was insufficient does not point out with the requisite level of specificity the error made by the court below, *i.e.* in what way the evidence was insufficient."). While the Commonwealth's attorney filed a brief in opposition[2] to Calloway's petition for appeal, he did not object to the sufficiency of Calloway's assignment of error.

Rule 5A:12(c)(1)(ii) addresses insufficient assignments of error in petitions for appeal:

> An assignment of error which does not address the findings or rulings in the trial court or other tribunal from which an appeal is taken, or which merely states that the judgment or award is contrary to the law and evidence is not sufficient. If the assignments of error are insufficient or otherwise fail to comply with the requirements of this Rule, the petition for appeal shall be dismissed.

Rule 5A:12 applies *only* to petitions for appeal. Rule 5A:12 does not apply to opening briefs, which are filed once a petition for appeal has been granted by this Court. The requirements for opening briefs are set out in Rule 5A:20.

---

[2] A brief in opposition is a valuable resource that gives us the Commonwealth's legal and factual arguments supporting a conviction. Further, a brief in opposition alerts us to possible procedural issues, such as the one presented in this case concerning the sufficiency of an assignment of error under Rule 5A:12. In short, a brief in opposition is a pleading "which the [C]ourt has found very helpful in determining whether or not the case should be reviewed." Skeens v. Commonwealth, 192 Va. 200, 203, 64 S.E.2d 764, 766 (1951).

Unlike the specific language of Rule 5A:12(c)(1)(ii), Rule 5A:20 simply requires the opening brief to contain: (1) "A statement of the assignments of error"; (2) "a clear and exact reference to the pages of the transcript, written statement, record, or appendix where each assignment of error was preserved in the trial court"; (3) "[a] clear and concise statement of the facts that relate to the assignments of error, with references to the pages of the transcript, written statement, record, or appendix"; (4) "the standard of review and the argument (including principles of law and authorities) relating to each assignment of error." Rule 5A:26 states, "If an appellant fails to file a brief in compliance with these Rules, the Court of Appeals *may* dismiss the appeal." (Emphasis added).

Once the petition for appeal is granted, Rule 5A:20 governs the requirements of the assignments of error in an opening brief. Rule 5A:12 is no longer applicable. Therefore, if the Commonwealth seeks to challenge the sufficiency of an assignment of error under Rule 5A:12, it must do so prior to the granting of the petition for appeal.[3] In this case, the Commonwealth failed to challenge the sufficiency of the assignment of error at the petition for appeal stage of the proceedings. Compliance with Rule 5A:12(c)(1) is subject to waiver if not timely raised. See Whitt, 61 Va. App. at 651 n.3, 739 S.E.2d at 261 n.3; see also Ghameshlouy v. Commonwealth, 279 Va. 379, 391, 689 S.E.2d 698, 704 (2010) ("[M]ost statutory and rule-based procedural prerequisites for the valid exercise of jurisdiction by a court may be waived, even when couched in mandatory terms by the language of the statute or rule."). The

---

[3] This does not, of course, prevent the Commonwealth, or for that matter this Court, from raising the sufficiency of an assignment of error in an opening brief under Rule 5A:20. Nor does it preclude the exercise of our discretionary authority to dismiss the appeal pursuant to Rule 5A:26. Here, however, the Commonwealth has only challenged Calloway's compliance with Rule 5A:12(c)(1)(ii), and we decline to raise *sua sponte* the issue of whether appellant's brief complied with Rule 5A:20.

Commonwealth's failure to object to the sufficiency of the assignment of error under Rule 5A:12 prior to the granting of the petition for appeal will be considered a waiver of that objection.[4]

We recognize that the Attorney General is generally not bound or limited by the arguments raised in a brief in opposition. The Supreme Court has stated that "[a] prevailing party may urge an appellate court to affirm a judgment on any ground appearing in the record." Perry v. Commonwealth, 280 Va. 572, 581-82, 701 S.E.2d 431, 437 (2010). Furthermore, "[the Attorney General] may not be estopped from repudiating the earlier position erroneously taken by the Commonwealth's Attorney, nor may the [Commonwealth] be estopped from changing [its] position." In re Dep't of Corr., 222 Va. 454, 465, 281 S.E.2d 857, 863 (1981). However, these rules apply to inconsistent positions regarding the merits of the appeal where the standard by which we evaluate the arguments remains constant. Here, the Commonwealth's attorney made no objection to the assignment of error when it was subject to evaluation through the prism of Rule 5A:12. By the time the Attorney General raised an objection, that prism had been discarded in favor of the standards contained in Rule 5A:20. And Rule 5A:20, unlike Rule 5A:12, contains no provision for mandatory dismissal of an appeal. See Whitt, 61 Va. App. at 655, 739 S.E.2d at 263 ("Rule 5A:20 does not compel dismissal for flaws in the assignment of error contained in an opening brief (as opposed to in a petition for appeal), and Rule 5A:26 provides that this Court '*may* dismiss the appeal' whenever the 'appellant fails to file a brief in compliance with these Rules,' but it does not mandate dismissal."); see also Jay v.

---

[4] We recognize that the Attorney General is reliant on the Commonwealth's attorney to file a brief in opposition and raise objections to the sufficiency of assignments of error at the petition stage. But we presume that the Commonwealth's attorney, who actually tried the case, is just as capable as the Attorney General in identifying assignments of error that do not meet the requirements of Rule 5A:12. After all, a prosecutor is required to "act with commitment and dedication to the interests of the [Commonwealth] and with zeal in advocacy upon the client's behalf." Va. Rules of Prof'l Conduct 1.3 cmt. 1.

Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 318 (2008) (holding that Rule 5A:20 is not a jurisdictional requirement mandating the dismissal of an appeal).

Here, no objection to the sufficiency of the assignment of error was raised by the Commonwealth prior to our granting the petition for appeal. Therefore, we consider any such objection waived, and we decline the Commonwealth's request to "vacate the order granting the petition and dismiss this appeal."[5]

### B. Sufficiency of the Evidence

A first-offense violation of a protective order is ordinarily a misdemeanor. See Code § 16.1-253.1(C). But Code § 16.1-253.2 elevates it to a felony when a person "violates such a protective order by furtively entering the home of any protected party while the party is present." Calloway argues that the evidence at trial was insufficient to prove he "furtively" entered the victim's home; therefore, his conviction for felony violation of a protective order was in error. We disagree.

"In examining a challenge to the sufficiency of the evidence, appellate courts will review the evidence in the light most favorable to the party prevailing at trial and consider any reasonable inferences from the proven facts." Towler v. Commonwealth, 59 Va. App. 284, 290, 718 S.E.2d 463, 467 (2011). We will reverse only where the trial court's decision is "plainly wrong or without evidence to support it." Seaton v. Commonwealth, 42 Va. App. 739, 746, 595 S.E.2d 9, 12 (2004). To the extent that our analysis requires us to interpret the term "furtively," we review the statute *de novo* and apply the plain language of the statute unless it leads to an

---

[5] The Commonwealth raised its objection to the assignment of error in its appellee's brief. Almost three months later, and after oral argument, Calloway filed a motion to amend his assignment of error to comply with the requirements of Rule 5A:12. The Commonwealth objected to the motion arguing, "Calloway should not be permitted to amend his pleadings once the matter has been submitted to the Court for its decision." Because of our holding, we consider the motion to amend the assignment of error moot; therefore, we need not decide whether it was untimely.

ambiguous or absurd result.  Boynton v. Kilgore, 271 Va. 220, 227, 623 S.E.2d 922, 925-26 (2006).

We find no ambiguity in the General Assembly's use of the term "furtively."  To furtively enter a home is to do so stealthily, secretly, surreptitiously, slyly, or sneakily. Webster's Third New International Dictionary 924 (1981) (defining furtive as "1a: done by stealth: secret, surreptitious . . . b: expressive of stealth: sneaky, sly . . . 2a: obtained underhandedly: stolen").  It is the fact finder's job to apply common sense to the evidence and decide if Calloway's entry was of the "furtive" type singled out by the General Assembly for more severe punishment.  We find no evidence that the trial judge misinterpreted or misapplied Code § 16.1-253.2.

The evidence at trial showed that Calloway and the victim were in a romantic relationship that ended in August 2011.  Within weeks of their breakup, the victim obtained a protective order against Calloway to prevent him from contacting her.  Calloway was served with a copy of the protective order on September 1, 2011.  On September 2, 2011, between midnight and 1:00 a.m., Calloway approached the house where the victim was living.  The lights in the house were off. The doors and windows were locked.  The victim, who was asleep on a couch in the living room, was the only person in the house.

Calloway broke a bedroom window at one end of the house to gain access.  The victim was awakened by the noise.  As the victim stood up to search for the source of the noise, she saw Calloway coming towards her from the kitchen.  She immediately ran for the front door. Calloway chased her into the front yard, where neighbors saw him attempting to drag her back inside while holding a knife to her throat.  A neighbor who witnessed the altercation called the police.  Calloway fled when he heard the sound of an approaching car.  He was arrested in a nearby forest about two hours later.

Given these facts, it strains the bounds of reason to argue that Calloway's entry was not furtive. Indeed, it is difficult to imagine how Calloway's entry could have been *more* furtive. With every door and window locked, Calloway chose the mode of entry most likely to allow him to get inside and overpower the victim before she could detect his presence and react. It appears to us that the purpose of the law is to more severely punish those who violate a protective order by surprising a victim in his or her own home; this is exactly what happened here.

Calloway argues that his entry of the house was not furtive because he made noise during his entry. The fact that Calloway made some noise when breaking the glass does not entitle him to a conviction on a lesser charge. An entry need not be accomplished with ninja-like stealth to be furtive for the purposes of Code § 16.1-253.2. Furthermore, contrary to Calloway's argument, the noise and brazenness of the subsequent assault is irrelevant. The violation of the protective order was complete as soon as Calloway entered the home through the window.

Viewing this evidence in the light most favorable to the Commonwealth, and granting all reasonable inferences therefrom, we cannot find that the trial court's conclusion was plainly wrong or without evidence to support it. Therefore, we affirm Calloway's conviction for feloniously violating a protective order by furtively entering the home of the protected party under Code § 16.1-253.2.

II.

For the foregoing reasons, we affirm Calloway's conviction.

Affirmed.