UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Judges Huff, Chafin and Decker
Argued at Richmond, Virginia


LASHAWN LASHAY HILL

MEMORANDUM OPINION* BY
v.      Record No. 0323-13-2       JUDGE GLEN A. HUFF
FEBRUARY 4, 2014

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HALIFAX COUNTY
Joel C. Cunningham, Judge

Jeffrey R. Fox, Assistant Public Defender, for appellant.

Steven A. Witmer, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Lashawn Lashay Hill ("appellant") appeals his conviction of possession of a firearm by a

convicted felon, in violation of Code § 18.2-308.2(A).  Following a bench trial in the Circuit

Court for the County of Halifax ("trial court"), appellant was sentenced to five years'

incarceration in the Virginia Department of Corrections.  On appeal, appellant contends that the

trial court erred by denying his motion to suppress the evidence on Fourth Amendment grounds.

For the following reasons, this Court affirms the appellant's conviction.

I.  BACKGROUND

On appeal, "'we consider the evidence and all reasonable inferences flowing from that

evidence in the light most favorable to the Commonwealth, the prevailing party at trial.'"

Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (*en banc*)

(quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)).  So viewed,

the evidence is as follows.

_____
* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On May 6, 2011, Roberta Bruce ("Bruce"), an employee of American National Bank ("bank") in Halifax, was working in her office. From the window of her office, Bruce observed appellant step out of a white car facing the bank and retrieve a shotgun from the trunk. According to Bruce, appellant walked back to the front of his vehicle and placed the shotgun on the back seat of the car. Bruce called the police and informed them she "saw a gentlemen get out of the car and [get] a gun . . . and put it in the . . . back seat with him."

Soon thereafter, Halifax Police Officer Wayne Bush ("Bush") was notified by dispatch that "a bank manager at American National Bank had reported a man sitting in a white car" and "had taken a shotgun from the trunk and put it in the front seat of his car." Bush, in uniform, responded in a marked police car and parked with "the front end to the back end of [appellant's] vehicle." After parking, Bruce testified that he "walked up to the vehicle, and . . . observed a . . . male sitting in the vehicle eating pizza with a shotgun in the passenger seat, muzzle down." After seeing the firearm and no indication that appellant was hunting or using the firearm for recreational activity, Bush "asked [appellant] to keep his hands where [Bush] could see him and put his pizza up." Once appellant placed the pizza on the dashboard, Bush opened the car door and appellant stepped out of the vehicle. At that time, Sergeant Carswell ("Carswell") arrived to assist Bush and patted down appellant, while Bush confiscated the shotgun.

Halifax Police Officer Robert Mead ("Mead") then arrived at the scene. Mead observed appellant standing outside of his vehicle while Bush and Carswell called in his information. Upon arriving at the scene, Mead recognized appellant from Mead's previous employment at a jail where appellant had been incarcerated. Mead informed Bush and Carswell that appellant was a convicted felon. Based on Mead's information, Bush arrested appellant for possession of a firearm by a convicted felon.

At trial on August 28, 2012, appellant moved to suppress the evidence resulting from the seizure on May 6, 2011, arguing that the police did not have a reasonable, articulable suspicion to stop him. After hearing the evidence and argument, the trial court denied the motion to suppress and appellant was convicted of possession of a firearm by a convicted felon. This appeal followed.

## II. ANALYSIS

On appeal, appellant contends that the trial court erred by denying appellant's motion to suppress the evidence. Specifically, appellant argues that police lacked reasonable, articulable suspicion to seize him, therefore, the evidence should be barred under the exclusionary rule. As a preliminary issue, the Commonwealth responds that appellant's case should be dismissed because his assignment of error fails to comply with Rule 5A:12(c)(1).[1] On the merits, the Commonwealth argues that the seizure of appellant was proper because the police had reasonable, articulable suspicion under the totality of the circumstances.

### A. Standard of Review

On appeal, "we determine whether the evidence, viewed in the light most favorable to the prevailing party, the Commonwealth, and the reasonable inferences fairly deducible from that evidence support each and every element of the charged offense." Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779 (1999).

"On appeal, we consider the entire record in determining whether the trial court properly [ruled on] appellant's motion to suppress." Patterson v. Commonwealth, 17 Va. App. 644, 648,

---

[1] This issue is moot under Calloway v. Commonwealth, 62 Va. App. 253, 746 S.E.2d 72 (2013). In Calloway this Court held that "if the Commonwealth seeks to challenge the sufficiency of an assignment of error under Rule 5A:12, it must do so prior to the granting of the petition for appeal." Id. at 258, 746 S.E.2d at 75. Once a petition for appeal is granted, Rule 5A:20 governs the requirements of an opening brief. Id. The Commonwealth failed to challenge the assignment of error during the petition for appeal stage of the proceeding, therefore, their challenge has been waived. See Whitt v. Commonwealth, 61 Va. App. 637, 651 n.3, 739 S.E.2d 254, 261 n.3 (2013).

440 S.E.2d 412, 415 (1994) (citing DePriest v. Commonwealth, 4 Va. App. 577, 583, 359 S.E.2d 540, 543 (1987)).  A question of whether "'evidence was seized in violation of the Fourth Amendment presents a mixed question of law and fact that we review *de novo* on appeal.'" Brooks v. Commonwealth, 282 Va. 90, 94, 712 S.E.2d 464, 466 (2011) (emphasis added) (quoting Jones v. Commonwealth, 277 Va. 171, 177, 670 S.E.2d 727, 731 (2009)).  "Though the ultimate question whether the officers violated the Fourth Amendment triggers *de novo* scrutiny, we defer to the trial court's finding of 'historical fact' and give 'due weight to the inferences drawn from those facts by resident judges and local law enforcement officers.'"  Slayton v. Commonwealth, 41 Va. App. 101, 105, 582 S.E.2d 448, 449-50 (2003) (quoting Barkley v. Commonwealth, 39 Va. App. 682, 689-90, 576 S.E.2d 234, 237-38 (2003)).  Therefore, "we must give 'deference to the factual findings of the trial court' and 'independently determine' whether those findings satisfy the requirements of the Fourth Amendment."  Id. at 105, 582 S.E.2d at 450 (quoting Whitfield v. Commonwealth, 265 Va. 358, 361, 576 S.E.2d 463, 464 (2003)).

## B.  Reasonable Suspicion

On appeal, appellant contends that the trial court erred by denying appellant's motion to suppress the evidence on Fourth Amendment grounds.  Specifically, appellant argues that the officers lacked reasonable, articulable suspicion to stop him and the evidence should have been suppressed under the exclusionary rule.  The Commonwealth asserts the seizure was constitutional because Bush possessed reasonable, articulable suspicion under the totality of the circumstances.

"While an arrest requires probable cause, a mere investigatory stop requires only a 'reasonable suspicion' that unlawful activity 'may be afoot.'"  Shifflett v. Commonwealth, 58 Va. App. 732, 735, 716 S.E.2d 132, 134 (2011) (quoting United States v. Arvizu, 534 U.S. 266,

273 (2002)). A reasonable suspicion is more than an "unparticularized suspicion or 'hunch.'"

Terry v. Ohio, 392 U.S. 1, 27 (1968). "This degree of certitude required is 'considerably *less* than proof of wrongdoing by a preponderance of the evidence, and obviously *less* demanding than that for probable cause.'" Shifflett, 58 Va. App. at 735, 716 S.E.2d at 134 (quoting Perry v. Commonwealth, 280 Va. 572, 581, 701 S.E.2d 431, 436 (2010) (emphasis added)).

Additionally, reasonable suspicion "requires at least a minimal level of objective justification for making the stop." Bass v. Commonwealth, 259 Va. 470, 475, 525 S.E.2d 921, 923 (2000) (quoting United States v. Sokolow, 490 U.S. 1, 7 (1989)).

"There is no 'litmus test' for reasonable suspicion. Each instance of police conduct must be judged for reasonableness in light of the particular circumstances." Castaneda v. Commonwealth, 7 Va. App. 574, 580, 376 S.E.2d 82, 85 (1989) (citing Terry, 392 U.S. at 21). On the other hand, "[t]he court must consider the totality of the circumstances in determining whether a police officer had a particularized and objective basis for suspecting that a person stopped may be involved in criminal activity." Bass, 259 Va. at 475, 525 S.E.2d at 924 (citing United States v. Cortez, 449 U.S. 411, 417-18 (1981)). Specifically, the totality of the circumstances must be viewed "'objectively through the eyes of a reasonable police officer with the knowledge, training and experience of the investigating officer.'" Jones v. Commonwealth, 52 Va. App. 548, 560, 665 S.E.2d 261, 267 (2008) (quoting Murphy v. Commonwealth, 9 Va. App. 139, 144, 384 S.E.2d 125, 128 (1989)).

Lastly, "[r]easonableness is judged from the perspective of a reasonable officer on the scene allowing for the need of split-second decisions and without regard to the officer's intent or motivation." Scott v. Commonwealth, 20 Va. App. 725, 727, 460 S.E.2d 610, 612 (1995) (citing Graham v. Conner, 490 U.S. 386, 396-97 (1985)). Therefore, "[i]f the detention was objectively reasonable, 'the Fourth Amendment authorizes the action, *whatever* the subjective intent'

- 5 -

motivating the officer." Shifflett, 58 Va. App. at 736 n.2, 716 S.E.2d at 135 n.2 (quoting Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2080 (2011)).

Appellant argues that his mere possession of a firearm in a parking lot near a bank was not illegal and, therefore, Bush did not possess a reasonable, articulable suspicion when seizing him. In the case at hand, the trial court expressed that possession of a shotgun, standing alone, is not a crime. Specifically, the trial court indicated that possession of shotguns is common practice for hunters and target practice in Halifax County. Nevertheless, the trial court denied appellant's motion to suppress because of other circumstantial evidence included in the totality of the circumstances analysis. First, the trial court considered that the evidence did not suggest appellant was going hunting or target shooting. Rather, the trial court considered that appellant was "[i]n a parking lot where there's no possibility of hunting [or] . . . anything recreational like target practice . . . ." Secondly, Bush's testimony established that he was responding to reports of suspicious activity, namely a male who went "to the trunk of his car and retrieved a shotgun and put it in the passenger seat." Moreover, Bush testified that appellant was parked at the far end of a Pizza Hut parking lot, which faced an adjacent bank that was 50 yards away.

Appellant agrees with the aforementioned facts but contends his actions did not constitute a crime and, therefore, cannot rise to reasonable, articulable suspicion. The proper inquiry, however, is "whether a police officer had a particularized and objective basis for suspecting that a person stopped may be involved in criminal activity." Bass, 259 Va. at 475, 525 S.E.2d at 924 (citations omitted). Viewing the circumstances in their totality and considering the officer's objective basis for detaining the appellant, the trial court's finding of reasonable, articulable suspicion was well founded. In this matter, the proximity of appellant's vehicle which was facing a bank, appellant's act of taking a weapon from the trunk and placing it in the front seat, the witness' report of appellant arming himself, and the absence of evidence suggesting any

legitimate or recreational purpose for retrieving the weapon are all factors supporting the trial court's ruling. Accordingly, the trial court did not err in denying appellant's motion to suppress.

## III. CONCLUSION

Based on the foregoing, this Court finds that the trial court did not err in finding that Bush had reasonable, articulable suspicion that criminal activity was afoot, justifying his seizure of appellant. The trial court's denial of appellant's motion to suppress is affirmed.

<u>Affirmed.</u>