COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Petty and Decker
Argued at Richmond, Virginia


CHASE ADAM MARSH

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1568-13-2                      JUDGE ROBERT J. HUMPHREYS
                                                    MARCH 10, 2015

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CAROLINE COUNTY
J. Howe Brown, Jr., Judge Designate

John L. Mahoney for appellant.

Katherine Q. Adelfio, Assistant Attorney General (Mark R. Herring,
Attorney General; Victoria Johnson, Assistant Attorney General, on
brief), for appellee.


Chase Adam Marsh ("Marsh") appeals to this Court the final judgment entered by the

Circuit Court for the County of Caroline (the "trial court") upon his convictions for forced oral

sodomy, forced anal sodomy, and abduction with intent to defile.[1]  Marsh's single assignment of

error states, "The trial court erred in denying appellant's motion on the jury verdict as being

inconsistent with the law and the evidence (sufficiency of the evidence).[2]"  The Commonwealth

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Marsh concedes in his brief that he "has precious little to argue with respect to the
convictions of forced oral sodomy and forced anal sodomy."  Further, because counsel for Marsh
withdrew his appeal as it relates to these two convictions at oral argument, we need not consider
the arguments he made on brief.

[2] Rule 5A:12(c)(1)(ii) states that "an assignment of error which . . . merely states that he
judgment or award is contrary to the law and the evidence is not sufficient.  If the assignments of
error are insufficient or otherwise fail to comply with the requirements of this Rule, the petition
for appeal shall be dismissed."  However, Rule 5A:12 applies only to the petition stage of appeal.
See Calloway v. Commonwealth, 62 Va. App. 253, 258, 746 S.E.2d 72, 74 (2013).

argues that Marsh's appeal is procedurally defaulted pursuant to Rule 5A:18. We agree. Specifically, Rule 5A:18 states:

> No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to preserve the issue for appellate review.

"The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals. In addition, a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding." Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991). "A general argument or abstract reference to the law is not sufficient to preserve an issue." Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (en banc).

In this case, when the jury returned with its verdict following the one-day trial, counsel for Marsh stated, "Judge, I'd just move that the verdict is contrary to the law and evidence." The trial court responded, "Okay. I deny that motion." Marsh attempted to renew his motion to set aside the verdict after the jury fixed Marsh's punishment the next day stating, "Judge, for the record, I'd like to renew all my motions and objections." In response, the trial court stated, "All right. All your motions are denied. And we'll order a presentence report." At the sentencing hearing on July 23, 2013, Marsh again renewed his motion to set aside the verdict, arguing:

> I do not believe that the Commonwealth's evidence rose to the point where it was sufficient to rebut the reasonable hypothesis of innocence which the jury was instructed to pay close attention to.

> \* \* \* \* \* \* \*

> I don't think that the evidence in this case rose to the quality necessary to convince or that the law requires to convict the defendant of abduction. Both men were contained in one cell.

> There was certainly no signs of any *significant force whatsoever*. There was one mark in the roof of the [victim's] mouth, but the Court will recall that it was his statement that he agreed and sucked the defendant's penis so things would go smoother and that could be the cause of that particular mark. *So, I don't see that there is force necessary here in this particular case to support that conviction.*

(Emphasis added). While Marsh did reference that there were no signs of "significant force whatsoever" and that there was not "force necessary here" to support the abduction conviction, these statements do not specify the legal theory upon which Marsh now bases his appeal. On brief, Marsh relies on the "incidental detention doctrine" established in Brown v. Commonwealth, 230 Va. 310, 337 S.E.2d 711 (1985), to argue that a conviction for abduction with intent to defile requires proof that a defendant's acts of detention and restraint of the victim were greater than necessary to accomplish forcible sodomy of the victim. Accordingly, Marsh's vague and generalized references to the law did not afford the trial court an opportunity to intelligently rule on Marsh's objection and were thus insufficient to preserve the issue for appeal.

Notably, Marsh did not raise the "good cause" or "ends of justice" exception to Rule 5A:18 in his original brief to this Court. However, Marsh did raise this exception in his reply brief, arguing that "the error is clear, substantial and material and the record shows that a miscarriage of justice has occurred. The lack of evidence shows good cause to apply the exception." Rule 5A:18 permits this Court to "overlook the appellant's failure to preserve the issue and consider the merits of his argument for the first time on appeal if the ends of justice so demand." Brittle v. Commonwealth, 54 Va. App. 505, 512-13, 680 S.E.2d 335, 339 (2009). Nonetheless, "the ends of justice exception is narrow and is to be used sparingly." Redman v. Commonwealth, 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997). This high standard is essential to buttress the principle that "a litigant has the responsibility to afford a court the opportunity to consider and correct a perceived error before such error is brought to the appellate

court for review." Williams v. Gloucester Sheriff's Dep't, 266 Va. 409, 411, 587 S.E.2d 546, 548 (2004) (citations omitted).

In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred. Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987). The trial error must be "clear, substantial and material." Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989). Further,

> an appellant must do more than show that the Commonwealth *failed* to prove an element or elements of the offense. . . . In order to show that a miscarriage of justice has occurred, an appellant must demonstrate more than that the Commonwealth *failed* to prove an element of the offense. . . . [T]he appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur.

Redman, 25 Va. App. at 221, 487 S.E.2d at 272.

Marsh is unable to make any affirmative showing that a miscarriage of justice has occurred. His appeal rests solely on his argument that the evidence was insufficient to prove a particular element of abduction with intent to defile. At no point has Marsh demonstrated that the trial court erred, or that any such error was "clear, substantial, and material." There is ample evidence in the record to support a finding that each element of abduction with intent to defile was established. Marsh failed to meet his burden to show that the "good cause" or "ends of justice" exception to Rule 5A:18 should be applied. Because Marsh's assignment of error is procedurally barred pursuant to Rule 5A:18, we do not reach the merits of his argument and therefore, we affirm the judgment of the trial court.

Affirmed.