COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Alston and Decker
Argued at Richmond, Virginia

UNPUBLISHED

HASAAN S. WILLIAMS

v.       Record No. 0827-17-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE ROSSIE D. ALSTON, JR.
JUNE 26, 2018

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Frederick G. Rockwell, III, Judge

Jaclyn Murphy Goad (Gordon, Dodson, Gordon & Rowlett, on
brief), for appellant.

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Hasaan Williams ("appellant") appeals his convictions from the Circuit Court of

Chesterfield County ("trial court") for possession with intent to distribute heroin and possession

with intent to distribute heroin on school property, asserting that the evidence presented at trial

was insufficient. We address the two convictions separately below.

BACKGROUND

On April 16, 2016, Officer Jennifer Vittum of the Chesterfield County Police Department

was on patrol in her cruiser when she observed a black Lexus run a red light at a high rate of

speed. Vittum activated her lights and sirens and pursued the Lexus for "half a mile or [a] mile"

before the Lexus turned into the parking lot of Chalkley Elementary School ("elementary

school") and stopped next to the main building. Vittum approached the vehicle and observed

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

appellant in the driver's seat. Appellant told Vittum that he ran the red light because he was in a hurry to take his children to the football game at the elementary school. Vittum ran a check on appellant's license and discovered three active warrants from the Richmond police department.

Concerned that appellant would not comply with her instructions because of his fugitive status, Vittum asked appellant to exit the running vehicle. Appellant then leaned to his right, suggesting to Vittum that he was not complying, so she attempted to open the driver's side door of the vehicle but found it locked. Vittum then reached through the open window to open the door from the inside. At that point, appellant quickly shifted the vehicle into gear and began driving "forward at a high rate of speed." Vittum got back into her cruiser and pursued appellant to the far side of the school's parking lot, which bordered a large, wooded area. Appellant stopped his vehicle and ran into the wooded area, emerging a few moments later and surrendering.

Vittum placed appellant under arrest. A search of appellant's person revealed $859 in cash in increments of $1, $5, $10, $20, and one $50 bill in one pocket and one $100 bill in another. When asked to explain why he had this much cash, appellant stated that he had cashed a paycheck for $1,050 from his employer earlier that day but could not recall the name of the company he worked for. Police also found two cell phones in appellant's pockets. One was an LG phone in which the battery was dead, and the other was an iPhone that rang and had text message alerts pinging during the course of the encounter. Appellant said that the LG phone was "his work phone."

Another officer arrived at the scene of the encounter and searched the wooded area around the school where appellant had fled and quickly located "a golf ball sized knotted [baggie]" containing white powder about 10-15 yards into the woods. The baggie was sitting on

top of the leaves on the ground. Subsequent forensic testing confirmed the baggie's contents as 14.76 grams of heroin. At trial, Detective Kevin Davis ("Davis") testified that this amount of heroin is not consistent with personal use and equals approximately half an ounce, with a street value of around $1,600.

Another detective investigating the case ran a software program that extracted the messages from appellant's cell phones. The LG phone contained a large number of text messages which Davis reviewed. Davis testified that many of the messages referenced the sale and distribution of drugs. One message read "shit, forgot to ask – you heard anything on those subs." Davis explained that "subs" is a common abbreviation for suboxone. Another message read "I have polarized Ray-Bans worth almost $200 – would you trade me for a gram or less. I'm sick." Davis indicated that this prospective buyer was attempting to trade an item for drugs and that the buyer may have been suffering from withdrawal. Davis testified that the message "[h]ey could I meet you to getta half half" was a reference to half a gram of heroin. One buyer had texted "Yo u think u can look on something for me til like thurs or fri im hurtin right now," and another wrote "I'm tryna get a gram."

After considering the evidence in a bench trial, the trial court found appellant guilty of both charges[1] and this appeal followed.

ANALYSIS

I. Possession with Intent to Distribute Heroin

Appellant asserts that the evidence does not establish that he possessed the heroin with the intent to distribute. We disagree.

---

[1] Appellant was also convicted of felony eluding, which was not appealed. Additionally, the trial court acquitted appellant of possession of a firearm on school property.

"When reviewing a challenge to the sufficiency of the evidence, 'the judgment of the trial court sitting without a jury is entitled to the same weight as a jury verdict.'" Wilson v. Commonwealth, 53 Va. App. 599, 605, 673 S.E.2d 923, 926 (2009) (quoting Saunders v. Commonwealth, 242 Va. 107, 113, 406 S.E.2d 39, 42 (1991)). "Under this standard, this Court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Instead, we ask only 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. (quoting Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008)). Accordingly, "[w]e may not disturb the trial court's judgment unless it is 'plainly wrong or without evidence to support it.'" Barlow v. Commonwealth, 26 Va. App. 421, 429, 494 S.E.2d 901, 904 (1998) (quoting Beavers v. Commonwealth, 245 Va. 268, 282, 427 S.E.2d 411, 421 (1993)).

Even though appellant was not arrested with drugs on his person, the circumstantial evidence established that he actually possessed them.

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983) (citations omitted). "While no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" Stamper v. Commonwealth, 220 Va. 260, 273, 257 S.E.2d 808, 818 (1979) (quoting Karnes v. Commonwealth, 125 Va. 758, 764, 99 S.E. 562, 564 (1919)).

"[T]o sustain a conviction for possession of drugs, the Commonwealth is required to prove the presence of the drug and that it was under the defendant's dominion and control." Harmon v. Commonwealth, 15 Va. App. 440, 447, 425 S.E.2d 77, 81 (1992) (citing Wymer v. Commonwealth, 12 Va. App. 294, 403 S.E.2d 702 (1991)). "Knowledge of the presence and character of the controlled substance may be shown by evidence of the acts, statements, or conduct of the accused." Eckhart v. Commonwealth, 222 Va. 447, 450, 281 S.E.2d 853, 855 (1981). "Although mere proximity to drugs is insufficient to establish possession, it is a circumstance which may be probative in determining whether an accused possessed such drugs." Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998) (citing Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 882 (1992) (*en banc*)). "Ownership or occupancy of the [location] in which the drugs are found is likewise a circumstance probative of possession. In resolving this issue, the court must consider 'the totality of the circumstances disclosed by the evidence.'" Id. (quoting Womack v. Commonwealth, 220 Va. 5, 8, 255 S.E.2d 351, 353 (1979)) (internal citation omitted).

When the police initiated a traffic stop of appellant's vehicle, he attempted to speed away and veered into the parking lot of the nearby elementary school, parking his vehicle close to a wooded area behind a fence. Appellant then fled on foot into that wooded area and emerged a few moments later. An officer searched the wooded area where appellant had fled, finding a plastic baggie in the bushes about 10-15 yards into the wooded area, sitting on top of the leaves on the ground. The baggie contained a white, powdery substance, and forensic testing confirmed that the substance was heroin. Appellant also possessed a large quantity of cash in order of denomination and two cell phones, one of which contained text messages referencing drug transactions.

Considering the totality of the evidence, a reasonable factfinder could conclude that appellant possessed the drugs on his person when he was in his vehicle, and then fled into the wooded area in an attempt to conceal the drugs before the police caught up with him. Appellant had dominion and control over the drugs, and he demonstrated knowledge of their illicit nature through his efforts to conceal them. See Glasco, 26 Va. App. at 774, 497 S.E.2d at 155. Contrary to appellant's suggestions, the possibility that appellant had never possessed the drugs yet just so happened to flee into and immediately emerge from the exact area where the drugs were eventually found is not a reasonable hypothesis of innocence, and the trial court did not err in necessarily rejecting it by finding appellant guilty. See Coleman, 226 Va. at 53, 307 S.E.2d at 876.

Additionally, ample evidence also established that appellant intended to distribute the drugs. Appellant attempted to claim that the money in his possession was from a paycheck he had cashed earlier but could not provide the name of his supposed employer from whom he allegedly received the paycheck. Appellant also stated that the paycheck was for $1,050 but only $1,009 was found on him. Appellant's LG cell phone contained a substantial number of text messages that referred to drug transactions. Possession of cash separated by denomination and the possession of two cell phones are evidence of an intent to distribute. See Commonwealth v. White, 293 Va. 411, 423-24, 799 S.E.2d 494, 500-01 (2017).

Moreover, as the Court has previously held, "[e]vidence of flight is 'a circumstance proper to be laid before the [factfinder] as having a tendency to prove [a defendant's] guilt.'" Langhorne v. Commonwealth, 13 Va. App. 97, 102, 409 S.E.2d 476, 477 (1991) (quoting Allen v. United States, 164 U.S. 492, 499 (1896)). The trial court did not err in inferring that appellant fled into the woods to dispose of or conceal the drugs. Appellant's argument that "none of the

officers ever saw appellant throwing anything into the woods or digging into his pockets attempting to retrieve something and toss it away" ignores the significance of the circumstantial evidence.

For those reasons, the trial court was not plainly wrong in finding that appellant possessed the heroin and that he intended to distribute it.

## II. Possession with Intent to Distribute Heroin on School Property

Appellant also asserted in his assignment of error that the evidence was insufficient to support a conviction for possession with intent to distribute heroin on school property. We find that this argument is procedurally defaulted under Rule 5A:20.

> Rule 5A:20 simply requires the opening brief to contain . . . (3) "[a] clear and concise statement of the facts that relate to the assignments of error, with references to the pages of the transcript, written statement, record, or appendix"; (4) "the standard of review and the argument (including principles of law and authorities) relating to each assignment of error."

Calloway v. Commonwealth, 62 Va. App. 253, 258, 746 S.E.2d 72, 75 (2013).

> A court of review is entitled to have the issues clearly defined and to be cited pertinent authority. The appellate court is not a depository in which [appellant] may dump the burden of argument and research. To ignore such a rule by addressing the case on the merits would require this [C]ourt to be an advocate for, as well as the judge of the correctness of, [appellant's] position on the issues he raises. On the other hand, strict compliance with the rules permits a reviewing court to ascertain the integrity of the parties' assertions[,] which is essential to an accurate determination of the issues raised on appeal.

Jones v. Commonwealth, 51 Va. App. 730, 734-35, 660 S.E.2d 343, 345 (2008) (quoting People v. Trimble, 537 N.E.2d 363, 364 (Ill. App. Ct. 1989)).

"Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration. [The Court] will not search the record for errors in order to interpret

[appellant's] contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992) (citations omitted). Pursuant to Rule 5A:26, "[i]f an appellant fails to file a brief in compliance with [Rule 5A:20], the Court of Appeals may dismiss the appeal." Calloway, 62 Va. App. at 258, 746 S.E.2d at 75 (internal quotations omitted).

Appellant advanced a single assignment of error challenging that "[t]he evidence was insufficient to convict [] appellant of . . . possession of a Schedule I or II controlled substance with intent to distribute on school property." Appellant's brief contains no legal authority nor any specific arguments on the school property issue, thus his brief does not comply with Rule 5A:20. The only mention of the issue is within the text of the assignment of error itself. At oral argument, the Commonwealth noted that it did not address the school property argument in its brief in opposition because appellant neglected to provide any authority or analytical perspective for this argument within his brief. The purpose of Rule 5A:20 is to put the opposing party on notice of the specific arguments that will be raised in the appeal. The Commonwealth objected to the Court's consideration of this issue on the merits.

Accordingly, the portion of appellant's appeal relating to the school property charge is hereby dismissed.

Affirmed in part and dismissed in part.